FILED
SUPERIOR COURT
CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CF0452-10
                                       )
        vs.                            )
                                       )
                                       )
JANO ABRAHAM,                          )
LORENS EHMES,                          )    **DECISION AND ORDER**
ROBERT JOSEPH SEAMAN, JR.              )
SAMUEL OSAIAS,                         )
EDNER EDWARD,                          )
LORIN EHMES,                           )
                                       )
                **Defendants.**        )
                                       )
                                       )

This matter came before the HONORABLE VERNON P PEREZ on December 26, 2012 on Defendant Lorens Ehmes' Objection to Restitution Summary.   Attorney F. Randall Cunliffe appeared on behalf of Defendant Lorens Ehmes, who was present.   Attorney John C. Terlaje represented Defendant Seaman Jr., who was not present. Attorney Julie R. Rosete appeared on behalf of Samuel Osaias, who was present.   Assistant Attorney General Jesse J.N. Nasis represented the Government.   Having considered the Parties' arguments, the record and the applicable law, the Court now issues this Decision and Order.

### BACKGROUND

The case before the Court involves charges of attempted theft of property, criminal mischief and criminal trespass.   Defendant Lorens Ehmes objects to the submission of a Resitution Summary by the Government.   Defendants Robert Joseph Seaman Jr. and Samuel Osaias joined in that objection.   The challenge to the Restitution Summary comes after plea agreements were made in this case by most of the Defendants.   Defendants Lorens Ehmes,

*People v. Abraham, et al.,*
Decision and Order
Criminal Case No. CF0452-10

Seaman Jr. and Osaias entered into guilty pleas and now challenge the restitution requested by the Government. The Court requested an evidentiary hearing take place on March 12, 2013 where the Court took evidence from the Victim.

## DISCUSSION

### Standard

Chapter 9 of the Guam Code Annotated, Section 80.50, states that, "[a] person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding (c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor..." Section (e) of the same statute adds that,

> [a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim.

9 GCA § 80.50(e). The Court emphasizes that for an order of restitution to be proper under subsection (e), the loss to the victim must have been "caused by the conduct constituting the offense by the offender". 9 GCA § 80.50.

Defendant Lorens Ehmes argues that the Restitution Summary fails to request proper restitution as Defendants were not alleged to have completed the theft according to the Police Report. Victim testified to and submitted a losses statement claiming the following items of damage or loss of lifting slings, lifting slings, wire rope slings, louver windows, metal cables and metal beams. The losses that the Court deems supported by the record and evidence are damages to the chain link fence, damage to the large aluminum beam, damage to the padlocked shipping container and costs associated with returning items to their proper location.

First, the Court considered the support for restitution. The Court acknowledges that the plea agreements anticipated a potential for restitution under 9 GCA § 80.50(e). That anticipated restitution must still comply with all restitution provisions under Guam law. The Court has reviewed the causation requirement for restitution under 9 GCA § 80.50.

Here, the plea agreements do include a monetary fine, but additional restitution is proper under the circumstances. Considering the history of the charges in this case, the restitution summary appears irregular. All Defendants were charged with attempted theft and not the completed form of the offense.[1] The "attempted" language is a key distinction for the Court. The Defendants were not alleged to have completed the theft and no items were discovered within the Defendants' possession. Yet, there are still numerous grounds to support restitution of damaged property. The Court expects restitution of damaged property relating to charges like the ones the Defendants face in this case, but not claims for the value of stolen items.[2] The Court will be amicable to awarding restitution where there was support for it. Yet, Defendants were apprehended at the scene of the alleged crime and therefore were unable to have completed the theft of steel riggings or aluminum beams as claimed by the Victim. The Court will only grant restitution of damaged property and not stolen property.[3]

The affidavit filed along with the indictment in this case shows that the Defendants broke into padlocked storage containers and as result, the Victim had to relocate several large and valuable items. The Court also considered the additional cost of fence repairs and the costs associated with re-organizing the heavier items found strewn about the property. Defendants earlier admitted to trespassing and attempting to break down the aluminum beam. Comparing the more easily ascertainable damages with the testimony of Mark Cruz, the Court concludes that a more appropriate restitution amount is far less than that requested by the Victim. *See* Exhibit Photos submitted by Victim on March 12, 2013. The amount requested by the Victim is

---

[1] Both the charges within the indictment and the plea agreements discuss attempted theft.
[2] Claims for the full value of temporarily disposed items would be more appropriate in a civil arena.
[3] The Court will not require restitution to be paid where the losses to a victim were likely caused by different individuals at an earlier point in time.

*People v. Abraham, et al.,*
Decision and Order
Criminal Case No. CF0452-10

in excess of the evidence and record in this case. The Court concludes that losses to the victim are $1,500 for damages to the cyclone fence, padlocked storage container, aluminum beam and additional costs in the amount of $100.00 to return the property to the condition preceding the Defendant's criminal trespass and attempted thefts. Pursuant to 9 GCA § 80.50(e), the Court makes a finding of losses in an amount of $1,600.00.

Furthermore, 9 GCA § 80.52(b) provides:

> (b) [t]he court shall not sentence an offender to pay a fine or make restitution in addition to a sentence of imprisonment or probation unless:
> (1) the offender has derived a pecuniary gain from the offense; or
> (2) the court believes that a fine or restitution is specially adapted to deterrence of the type of offense involved or to the correction of the offender. (2010).

The Court pays special attention to 9 GCA § 80.52(b)(1), which the Court finds to apply in this case. Here, the Defendants were arrested before they could profit from their alleged criminal acts. Thus, the Defendants did not derive any pecuniary gain but there was significant losses of time, labor and repairing costs to the Victim. While there may be other grounds to award restitution, the Court does not believe they apply in this matter for the full amount requested by the Victim. The plea agreements, which were signed by the Defendants, the Government and the Court, only anticipate restitution pursuant to 9 GCA § 80.50(e). Subsection (e) only considers restitution based on pecuniary gain by the offender or loss to the victim. The Court will follow the plea agreements in this case and without a more complete showing of actual loss to the Victim in this case or pecuniary gain by the Defendants, restitution of in excess of $1,600.00 is not proper at this time.

The Court does acknowledge that other losses or damages may have occurred to the Victim and the Court is sympathetic with the Victim. Yet, based on the lack of items on the Defendants at the scene, nothing being found within the possession of any Defendant and the length of time between the most recent prior inventory, the Court is not able to award any additional restitution. The Court will only award restitution of damages to the metal beam,

damages to the padlocked shipping container, damages to the fence and costs relating to the cleaning and securing of property due to the criminal activity of the Defendants.

The Court will require Defendant Lorens Ehmes to pay restitution of $1,600.00 as there is adequate support for the causation requirement under 9 GCA §80.50(e). Any other Defendant who plead guilty to the underlying actions or who is found guilty by a jury of his peers relating to the alleged crimes in the indictment, is also jointly and severally liable for the restitution amount.

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS Defendant Lorens Ehmes' Objection to Restitution Summary in part and OVERRULES Defendant Loren Ehmes' Objection in part. This ruling applies to all Defendants who joined in the Objection.

So **ORDERED** this 27 day of March, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 27 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

/ /

/ /

*People v. Abraham, et al.*,
Decision and Order
Criminal Case No. CF0452-10

Page 5